# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SYDNEY NICOLE LLC AND SYDNEY NICOLE GIFFORD,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALYSSA SHEIL LLC AND ALYSSA SHEIL,<br><br>*Defendants.* | § § § § § § § § § § § § | Case No.: 1:24-cv-00423<br><br>Jury Trial Demanded |

**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS
COUNTS 2, 3, 5, 6, 7, & 8 OF PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

A. Count 2 – Gifford's clarification of the identity of the alleged third-party infringers only proves dismissal is necessary. ................................................................................. 1

    1. Gifford does not specifically allege third-party infringing activities............................. 1

    2. Gifford fails to allege Sheil's control over the infringers. ............................................. 2

    3. Gifford offers no credible allegation of financial benefit from the alleged third-party infringing activities................................................................................................ 3

B. Count 3 – Gifford has no response for her failure to allege removal of CMI in her DMCA claim. ......................................................................................................................... 3

C. Count 5 – Gifford's misappropriation of likeness claim fails because Sheil has never used any aspect of Gifford's likeness in any post, ever................................................... 4

D. Count 6 – By attempting to replead in her response, Gifford acknowledges she failed to state a claim for tortious interference. ............................................................................. 7

E. Counts 7 & 8 – Gifford's unfair competition and unjust enrichment claims are preempted. . 8

    1. Gifford's unfair competition explicitly falls under the subject of copyright. ................. 8

    2. Gifford's unjust enrichment claim is equivalent to her copyright claim. ....................... 9

F. Gifford should not be permitted to amend Counts 2, 3, 5, 6, 7 and 8. ................................. 10

G. Conclusion........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Cases

*A&M Records v. Naptser, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ................................................................................................ 2
*Baisden v. I'm Ready Prods., Inc.*,
  2008 WL 2118170 (S.D. Tex. May 16, 2008) ........................................................................ 9
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 1
*Busch v. Viacom Int'l, Inc.*,
  477 F. Supp. 2d 764 (N.D. Tex. 2007) .................................................................................... 7
*Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*,
  484 F. Supp. 3d 448 (S.D. Tex. 2020) ..................................................................................... 2
*Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*,
  525 S.W.3d 671 (Tex. 2017) ................................................................................................... 7
*Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*,
  965 F.3d 365 (5th Cir. 2020) .................................................................................................. 9
*Doggett v. Travis Law Firm, P.C.*,
  555 S.W.3d 127 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ..................................... 4
*Hart v. Manriquez Holdings, LLC*,
  661 S.W.3d 432 (Tex. App. 2023) ........................................................................................... 8
*Henley v. Dillard Department Stores*,
  46 F. Supp. 2d 587 (N.D. Tex. 1999) ...................................................................................... 5
*Johnson v. Hosp. Corp. of Am.*,
  95 F.3d 383 (5th Cir. 1996) .................................................................................................... 7
*Kipp Flores Architects, LLC v. Pradera SFR, LLC*,
  2022 WL 1105751 (W.D. Tex. Apr. 13, 2022) ........................................................................ 4
*Kirk Kara Corp. v. W. Stone & Metal Corp.*,
  2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ........................................................................ 3
*Matthews v. Wozencraft*,
  15 F.3d 432 (5th Cir. 1994) .................................................................................................... 6
*Montalvo v. LT's Benjamin Recs., Inc.*,
  56 F. Supp. 3d 121 (D.P.R. 2014) ....................................................................................... 2, 3
*Nix v. Major League Baseball*,
  62 F.4th 920 (5th Cir. 2023) .............................................................................................. 8, 10
*Parker v. Google, Inc.*,
  422 F. Supp. 2d 492 (E.D. Pa. 2006) .................................................................................. 1, 3
*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ................................................................................................ 1
*Perfect 10, Inc. v. Giganews, Inc.*,
  2013 WL 3610706 (C.D. Cal. July 10, 2013) ......................................................................... 2
*RAZ Imports, Inc. v. Regency Int'l Bus. Corp.*,
  2020 WL 4500627 (N.D. Tex. Aug. 5, 2020) ......................................................................... 4
*Scott v. U.S. Bank Nat'l Ass'n*,
  16 F.4th 1204 (5th Cir. 2021) ............................................................................................... 10

*Victoria Bank & Tr. Co. v. Brady*,
   811 S.W.2d 931 (Tex. 1991) .................................................................................................. 7
*White v. DistroKid*,
   2024 WL 3195471 (S.D.N.Y. June 24, 2024) ........................................................................ 3

Gifford's response can't change the facts. Sheil has never used a picture of Gifford and has never used Gifford's name—on the contrary, each photo and video clearly identifies Sheil, explicitly. Not one of the photos or videos had any of Gifford's information removed from them, because it is undisputed that Sheil created the photos and videos herself.

Sheil looks forward to defending the false accusations Gifford has made the subject of her copyright claims (not subject to this motion)—but that is the playing field on which this case should be decided. Taking Gifford's allegations as true, these ancillary state law claims can't survive. The Court should grant dismissal and deny leave to amend.

A.  **Count 2 – Gifford's clarification of the identity of the alleged third-party infringers only proves dismissal is necessary.**

After relying, in her Complaint, on a bare recitation of the elements for vicarious infringement, Gifford seeks to clarify her allegations in response. Now, the third-party infringers are the "followers and viewers of Defendants' social media platforms." Dkt. 16 at 2. This doesn't solve the problem—the alleged facts, taken as true, cannot support vicarious liability.

 1. **Gifford does not specifically allege third-party infringing activities.**

As an initial matter, Gifford fails to specifically allege the third-party infringing activities. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1169 (9th Cir. 2007) ("As a threshold matter, before we examine Perfect 10's claims that Google is secondarily liable, Perfect 10 must establish that there has been direct infringement by third parties."); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 500 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007) ("Obviously, without a specific allegation of infringing conduct, these two elements cannot be demonstrated."). Gifford merely makes a threadbare allegation of "third party accessing, downloading, interacting with, and/or viewing," Dkt. 1 at ¶ 49. This single sentence, without any supporting facts, does not move the claim from conceivable to plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

1

### 2. Gifford fails to allege Sheil's control over the infringers.

Even if the Court were to accept that bare recitation of third-party infringing activities, the allegations remain "deficient in regard to alleging how Defendants had the right to supervise the infringing activity [of the viewers and followers]" *Montalvo v. LT's Benjamin Recs., Inc.*, 56 F. Supp. 3d 121, 135 (D.P.R. 2014). Gifford simply does not allege any facts relating to Sheil's "control" over the third-party infringement activities. The only control-related allegation is below:

> Defendants have, at all times relevant to this action, controlled the Instagram, Amazon, bio.site, and TikTok accounts belonging @alyssasheill, @alyssasheil, and Alyssa Sheil respectively. Defendants have exercised the right and ability to supervise what content is posted on the platforms and which users follow the platforms.

Dkt. 1 at ¶ 48. At most, this is an allegation of Sheil's control ***over her own accounts***, not control over any subsequent activities of the unnamed, unidentified third-party followers.

To establish vicarious copyright infringement, however, there must be "a degree of ***supervisory authority over the direct infringer***" (*i.e.*, the third-party follower), not control over Sheil's own accounts. *Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't,* 484 F. Supp. 3d 448, 467 (S.D. Tex. 2020) (emphasis added), *aff'd*, 2021 WL 4096928 (5th Cir. Sept. 8, 2021). In short, these allegations do "not show that [Sheil] exercises control over the infringing activity" Gifford has alleged, "and therefore cannot trigger liability for vicarious infringement." *Perfect 10, Inc. v. Giganews, Inc.*, 2013 WL 3610706, at *5 (C.D. Cal. July 10, 2013), *aff'd*, 847 F.3d 657 (9th Cir. 2017) ("These allegations do not demonstrate that Livewire has 'control' over its clients, which is the kind of control necessary to hold Livewire liable for vicarious infringement based on its clients' direct infringement.").[1]

---

[1] Gifford's reliance on *A&M Records v. Naptser, Inc.*, 239 F.3d 1004 (9th Cir. 2001) is misplaced. Napster, is akin to Instagram, TikTok, or Amazon, not Sheil. Of course, one of those distribution platforms, like Napster, may have "the right and ability to supervise" by controlling distribution on its platform. *Id.* at 1023. Sheil, obviously, has no rights over any person who chooses to view the content she posts.

2

### 3. Gifford offers no credible allegation of financial benefit from the alleged third-party infringing activities.

Gifford baldly asserts that Sheil enjoys a direct financial benefit from the "accessing, downloading, interacting with, and/or viewing" activities of the third-party viewers/followers. Dkt. 1 ¶ 49. But Gifford's allegations fail because they lack explanation as to "how Defendants ha[ve] a direct financial interest in the exploitation of copyrighted materials [by the third-party viewers and followers]." *Montalvo v. LT's Benjamin Recs., Inc.*, 56 F. Supp. 3d 121, 135 (D.P.R. 2014).[2]

Gifford's attempt to equate Sheil to Napster—where the "draw for customers" was the existence of copyrighted songs available for free download—strains credulity; Gifford has not (because she cannot) alleged that users flock to social media because of Sheil's alleged infringing conduct. "There are no allegations that users are drawn to and subscribe to [Sheil's feeds] because [she] provides them with the ability to commit copyright infringement." *White v. DistroKid*, 2024 WL 3195471, at *10 (S.D.N.Y. June 24, 2024). Without that, Gifford's claim fails.

### B. Count 3 – Gifford has no response for her failure to allege removal of CMI in her DMCA claim.

"[E]ven where the underlying works are similar, courts have found that no DMCA violation exists where the works are not identical." *Kirk Kara Corp. v. W. Stone & Metal Corp.*, 2020 WL 5991503, at *6 (C.D. Cal. Aug. 14, 2020) (collecting cases). Gifford spends her entire DMCA argument disputing this point. In doing so, Gifford fails to address the other necessary

---

[2] To the extent Gifford argues that mores users lead to "higher commission obtained by Defendants" argument, Dkt. 1 ¶ 49, this is one step removed—any commission requires a consumer to purchase a commercial good, which is sales activity that is not part of the alleged infringement. Further, Gifford offers only conclusory allegations on this point, which do not support the requirement of an "obvious and direct financial interest sufficient to maintain this claim of vicarious infringement." *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 500 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007) (dismissing claim where alleged "financial benefit" was tied to higher number of users).

element which she has (concededly) failed to plead: removal of Copyright Management Information (CMI). In fact, her allegations specifically preclude the act of removing CMI.

For example, Gifford pleads that Defendants "intentionally *created* indistinguishable posts from Plaintiffs' posts" and that Defendants "intentionally *replicated and recreated* the content." Dkt. 1 at ¶¶ 60–61. If Sheil is creating her own work—distinguishable or not—she is necessarily not removing CMI from Gifford's. Any argument to the contrary makes no logical sense.

To "establish a claim under the DMCA, a plaintiff must allege that CMI was once present on her work and later taken away." *Kipp Flores Architects, LLC v. Pradera SFR, LLC*, 2022 WL 1105751, at *3 (W.D. Tex. Apr. 13, 2022). Gifford has alleged that Sheil used Gifford's posts to generate her own similar renditions; in other words, Sheil's posts "never included [Gifford's] CMI in the first place." *Id.* "CMI cannot be 'removed' from a new work that never included CMI to begin with." *Id.*[3] Dismissal, therefore, is appropriate.[4]

**C.   Count 5 – Gifford's misappropriation of likeness claim fails because Sheil has never used any aspect of Gifford's likeness in any post, ever.**

The law is clear: "Texas law applies a very restrictive interpretation" of this claim. *Doggett v. Travis Law Firm, P.C.*, 555 S.W.3d 127, 130 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Within that restrictive framework, Gifford's allegations, accepted as true, establish the following undeniable facts:

1)  Not a single one of Sheil's posts or videos uses Gifford's name;

2)  Not a single one of Sheil's posts or videos contains Gifford's username;

3)  Not a single one of Sheil's posts or videos contain an image of Gifford;

---

[3] *See also RAZ Imports, Inc. v. Regency Int'l Bus. Corp.*, 2020 WL 4500627, at *4 (N.D. Tex. Aug. 5, 2020) ("[I]n copying portions of the plaintiff's copyrighted work and repackaging it into a new product, the defendant did not remove or alter CMI from the plaintiff's copyrighted work.").

[4] As for attorneys' fees, Sheil has not submitted her request because there is no prevailing party at this time. Sheil will submit her fees request when she prevails on this claim.

4) Every single person in Sheil's posts and videos is, in fact, Sheil; and

5) Every single one of Sheil's posts or videos is made under Sheil's username.

These facts are crucial and demonstrate why the cherry-picked case law quotes in Gifford's response cannot salvage her claim.[5]

For example, Gifford relies on *Henley v. Dillard Department Stores*, but overlooks that in *Henley*, the defendant actually "used Don Henley's name by using the expression 'Don's Henley," which the court found to be "so clearly recognizable as a likeness of Plaintiff." 46 F. Supp. 2d 587, 591 (N.D. Tex. 1999). The complaint, however, proves Sheil *did not* use Gifford's name. If the alleged misappropriation does not involve the use of a name, the key is whether it (be it phrase or image) "clearly identifies" the plaintiff. *Id.* Gifford's complaint establishes the opposite—that each such act was explicitly identified under the name "Alyssa Sheil," "@alyssasheill," and "@alyssasheil." In other words, Sheil's posts clearly identify *herself*, not Gifford.

Gifford's own pleaded examples are a useful illustration (Dkt. 1-1 at 25):



---

[5] Although Gifford pleads misappropriation caused injury to "Plaintiffs," plural, Dkt. 1 ¶ 78, she concedes she has no claim on behalf of her personal corporation. Dismissal as to that entity then, is appropriate.

In Gifford's post, her username is clearly identified, she wears a black shirt, three rings on her left hand, standing by a couch. Sheil's post identifies her own username (though Gifford hid part of it in her screenshot), in a gray shirt, four rings on her right hand, and in a hallway. Is this so distinct that only Gifford could be identified, even when the username explicitly states otherwise and the photo is of a different color shirt, different nail polish, different hand, different number of rings (arranged on different fingers), and in a different room? Gifford's argument that someone would inevitably think of her when they see Sheil's hand is, quite frankly, ridiculous. Here's another (Dkt. 1 ¶ 18):

 

Are Giffords left foot and leg so distinctive that, when two feet in a different pair of shoes (and pants) are used in front of a place of business that Gifford does not own, the only conclusion that can be drawn is someone is trying to impersonate Gifford? Of course not.

Gifford tries to salvage this by conceding that "[o]ne or two shared characteristics alone falls short of misappropriation," but arguing that there are so many similar characteristics that it rises to a sufficient level. This argument fails, however, because "[l]iability for misappropriation also will not arise when the information in question is in the public domain." *Matthews v. Wozencraft*, 15 F.3d 432, 440 (5th Cir. 1994). Not only has Gifford placed these characteristics in

the public domain, but she has pleaded that she "is an influencer" with "over half a million followers across various online and social media platforms." Dkt. 1 ¶ 7. In other words, Gifford specifically designs her posts to reach a wide public audience and to *influence* people to mirror her image, so they will go and buy products with similar characteristics. She places this information in the public domain hoping that people will copy it. The styles and characteristic were placed "in the public domain after [Gifford] voluntarily" put them there; "[a]ccordingly, [she] has failed to satisfy an essential element of pleading a claim of misappropriation under Texas law, and [her] claim must be dismissed." *Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 777 (N.D. Tex. 2007).

### D.    Count 6 – By attempting to replead in her response, Gifford acknowledges she failed to state a claim for tortious interference.

Continuing with her "see what sticks" approach, Gifford morphs her tortious interference claim from prospective business to existing business.[6] Even accepting the changing landscape, however, Gifford's claim fails. "To recover for tortious interference with an existing contract, the plaintiff must prove: (1) the existence of a contract subject to interference, (2) the act of interference was willful and intentional, (3) such intentional act was a proximate cause of plaintiff's damage and (4) actual damage or loss occurred." *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 394 (5th Cir. 1996) (citing *Victoria Bank & Tr. Co. v. Brady*, 811 S.W.2d 931, 939 (Tex. 1991)). Gifford's belatedly revised claim still fails.

As a threshold matter, "[t]o be legally capable of tortious interference, the defendant must be a stranger to the contract with which he allegedly interfered." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017). Gifford cannot claim Sheil is a "stranger" to

---

[6] That Gifford argues her prior factual allegations support her new cause of action only serves to highlight the vague, conclusory nature of her allegations. Moreover, although Gifford tries to claim she mistitled her cause of action (Resp. at 16 n.4), her allegations are explicitly directed to "prospective business relations" and "prospective followers." Dkt. 1 at ¶¶ 83–84. If even Gifford cannot tell what she has pleaded, then it certainly does pass muster under Rule 12(b)(6).

Amazon's Influencer Program when she also claims that both Sheil and Gifford "freely participate in the Amazon Influencer Program." Dkt. 16 at 17.[7] In short—they both have the same agreement with Amazon and participation in Amazon's program cannot also be interference with it.

Even more importantly, however, Gifford "does not allege any breach by [herself] or [Amazon]. [She] therefor fails to state a claim for tortious interference with existing contractual relations." *Nix v. Major League Baseball*, 62 F.4th 920, 935 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 165 (2023). *See also Hart v. Manriquez Holdings, LLC*, 661 S.W.3d 432, 439 (Tex. App. 2023) ("To show a willful and intentional act of interference, the plaintiff must produce some evidence that the defendant was 'more than a willing participant and knowingly induced ***one of the contracting parties to breach its obligations under a contract***.'") (emphasis added). Gifford does not allege that she has breached any obligation to Amazon; nor Amazon to her—therefore, the Court should dismiss even this newly concocted claim.

**E.    Counts 7 & 8 – Gifford's unfair competition and unjust enrichment claims are preempted.**

**1.  Gifford's unfair competition explicitly falls under the subject of copyright.**

In a desperate attempt to preserve her unfair competition claim, Gifford takes the contradictory position that her product lists are not subject of her copyright infringement claims. This is completely contradictory to how she described the claims in her Complaint:

> Defendants have been copying products from Plaintiffs' social media accounts and Amazon Storefront Ideas **Lists** and publishing and promoting **infringing works that feature those same products** in nearly identical styling as featured in Plaintiffs' works.

Dkt. 1 ¶ 88 (emphasis added). What would there be to infringe, if it were not the alleged copyrights? Moreover, demonstrating that this claim is pleaded on the same conduct made subject

---

[7] Though Sheil addresses this new allegation in this reply, his program is mentioned nowhere in Gifford's Complaint, and is, therefore, outside the pleadings and should be disregarded.

of her copyright claims, Gifford pleads these claims "[i]n the alternative"—but alternative claims are not allowed under federal copyright, which preempts them. This claim should be dismissed.

### 2. Gifford's unjust enrichment claim is equivalent to her copyright claim.

Gifford misrepresents *Digital Drilling* as holding that "an unjust enrichment claim is not preempted by copyright law." Dkt. 16 at 17. In fact, *Digital Drilling* acknowledged that unjust enrichment claims can be preempted, and limited its holding to the narrow set of facts in front of it. *See Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 381 (5th Cir. 2020). The allegations in *Digital Drilling* were that "one party has obtained a benefit by fraud, duress, or the taking of an undue advantage." *Id.* at 378. None of these allegations appear in Gifford's Complaint.

Gifford tries to remedy this failure by claiming violations of the Amazon Influencer Program (not mentioned in her Complaint), Amazon Associates Program (not mentioned in her Complaint) and other terms that do not appear anywhere in her Complaint. They cannot be considered.[8] On the allegations before the Court, Gifford's unjust enrichment claim is preempted because Plaintiffs have not alleged any right other than those equivalent to those rights protected under federal copyright. *See Baisden v. I'm Ready Prods., Inc.*, 2008 WL 2118170, at *11 (S.D. Tex. May 16, 2008) ("[P]laintiff's complaint neither alleged that IRP has been unjustly enriched by a benefit obtained from him by fraud, duress, or undue advantage, nor alleged any facts capable of proving that IRP has been unjustly enriched by a benefit that it obtained from him by fraud, duress, or the taking of undue advantage. Thus, the court concludes that plaintiff's allegations of unjust enrichment are factually insufficient to state a claim for which relief may be granted under Texas law.") (Internal quotations omitted).

---

[8] Notably, Gifford chose not to file an amendment of this claim in response to the motion, choosing instead to rest on her allegations.

**F.      Gifford should not be permitted to amend Counts 2, 3, 5, 6, 7 and 8.**

While a plaintiff may typically be afforded ab opportunity to amend a deficient pleading, they "must 'give the court at least some notice' of what the amendments would be and how those amendments would 'cure the initial complaint's defects.'" *Nix*, 62 F.4th at 935 (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam), *as revised* (Nov. 26, 2021). "Thus, a court may deny leave where 'the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured.'" *Id.* Gifford has not provided a copy or described what any proposed amendment could be; she has not explained how any defects could be cured. And how could she? The facts are the facts—nothing Gifford can say will change whether her likeness appeared in Sheil's photos, whether any CMI was removed, or that Sheil cannot control the actions of people who view her accounts. Amendment here, would be futile, particularly where Gifford will have the opportunity to proceed on other claims (regardless of their evidentiary merit, or lack thereof).

**G.      Conclusion**

As shown above, Gifford's pleading fails on numerous elements of Counts 2, 3, 5, 6, 7 and 8. She has not sought leave to replead, nor has she presented the Court with an amendment that might cure these glaring deficiencies in her response. Accordingly, Sheil requests the Court dismiss these counts with prejudice, and deny leave to amend.

| | |
|---|---|
| Dated: July 29, 2024 | Respectfully submitted, |

                                               */s/ Jason S. McManis*
Jason S. McManis
State Bar No.: 24088032
Shahmeer Halepota
State Bar No.: 24109968
Sujeeth Rajavolu
State Bar No.: 24127961
Thomas Frashier
State Bar No.: 24126185
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
shalepota@azalaw.com
srajavolu@azalaw.com
tfrashier@azalaw.com

***Attorneys for the Defendants***
**ALYSSA SHEIL LLC AND**
**ALYSSA SHEIL**

11

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on July 29, 2024. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                       */s/ Sujeeth Rajavolu*
                                       Sujeeth Rajavolu