**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SYDNEY NICOLE LLC | § | |
| AND SYDNEY NICOLE | § | |
| GIFFORD, | § | |
| | § | Case No. 1:24-cv-00423 |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Jury Trial Demanded |
| ALYSSA SHEIL LLC AND | § | |
| ALYSSA SHEIL, | § | |
| | § | |
| *Defendant.* | § | |

---

## ALYSSA SHEIL LLC AND ALYSSA SHEIL'S ANSWER[1]

---

Alyssa Sheil LLC and Alyssa Sheil ("Sheil"), file this Answer to Plaintiffs Sydney Nicole LLC and Sydney Nicole Gifford ("Gifford")'s Original Complaint. Except to the extent expressly admitted below, Sheil denies every allegation in the Complaint, including without limitation, any allegations or assertions contained in the Complaint's headings, images, and exhibits. Because the headings, images, and exhibits in and attached to the Complaint are not allegations, Sheil does not respond to them. To the extent a response to the headings, images, and exhibits is necessary, Sheil denies any allegations contained therein.

---

[1] Sheil submits this answer subject to her previously filed Rule 12(b)(6) Motion to Dismiss (Dkt. 13) and in no way shall this answer be construed as a waiver of same.

## PRELIMINARY STATEMENT

"People only rain on your parade because they're jealous of
your sun and tired of their shade"

*- Kim Kardashian*

This case stems from just that—jealousy. When Sheil and Gifford met, Sheil was younger and more successful on certain social media platforms that Gifford had not yet maximized. It was Gifford who asked Sheil about style questions, where she got certain products, and then started posting about those products on her own feeds, pretending she discovered them herself.

But Sheil didn't file a meritless lawsuit claiming Gifford stole her likeness—that is the very nature of fashion and the influencer industry. Similar influencer content creators collaborate, adopt, and evolve on trends and looks to promote products to their audience and followers. But one thing should be clear: influencers aren't true trend-setters in the ways that major fashion houses and A-List celebrities are. Influencers don't create or own the products, brands, or fashion trends they capitalize on. Rather, successful influencers find ways to adopt popular trends and promote them to audiences in their network. In many cases (including this one), influencers are approached by companies to promote their product, service, or storefront and are even given creative specifications from the brand dictating how content must be produced so it accurately conveys the look and feel of *the brand* (not the influencer).

Gifford knows this. In fact, both women do much of their work through their partnerships with Amazon Associates, Amazon's affiliate marketing program,[2] and both women have been separately approached by several of the same brands and companies. It isn't surprising that the same products and stores contacted these two women because (as Gifford has admitted herself before this suit was ever even filed) the two women "do a really similar thing on social media"

---

[2] https://affiliate-program.amazon.com/

and she and Sheil "have a lot in common." In fact, brands often contact similar influencers and content creators not because they are unique, but because they are similar. The value influencers provide is that they can reach different networks and audiences; when multiple influencers promote the same or similar products or businesses, the reach becomes greater. This is exactly the point.

For that reason, it is no surprise that the same businesses who contacted Gifford—who has a predominantly white audience—would also want to work with Sheil, as she is a successful Black-Latina beauty influencer. The fact that the two women published similar products around the same time is explained by the fact that these products were being pushed to both women. The unfortunate reality is that Gifford appears to have been threatened by Sheil's success, leading her to now make the ridiculous claim that she distinctly owns the "clean girl" aesthetic.

But Gifford didn't come up with the idea of a natural, beige, and cream aesthetic. Neutral colors have been *in* for some time. (Thirty minutes watching Chip and Joanna Gaines on HGTV will reveal that to anyone with a television and cable access.)[3] People who spend more time online will be more familiar with the "clean girl" aesthetic pushed by celebrities such as Hailey Bieber.

Unsurprisingly, Gifford's complaint conspicuously avoids the phrase "clean girl" aesthetic. Anyone who googled that phrase or spent a few hours on TikTok or Instagram would quickly realize that it destroys Gifford's case; her "look" is not original. For that matter, on that front, neither is Sheil's. Both women have been participated in a massively popular fashion trend that has been the predominant look for the last several years. But Gifford did not create the "clean girl" aesthetic. She does not own it or have the legal right to attack and exclude other influencers from it. Gifford should not be allowed to use lawfare to stifle fair competition in the influencer space.

---

[3] A visit to the Silos in Waco or the Magnolia Farms website shows the same *See* https://magnolia.com/.

## PARTIES

1.      Sheil lacks information and belief sufficient to form a belief as to the truth of this allegation, therefore denied.

2.      Sheil lacks information and belief sufficient to form a belief as to the truth of this allegation, therefore denied.

3.      Admitted.

4.      Admitted.

## JURISDICTION & VENUE

5.      Admitted.

6.      Admitted.

## FACTS

7.      Sheil lacks information and belief sufficient to form a belief as to how many followers Gifford has across various social media platforms or how Gifford conducts business, therefore denied.

8.      Sheil admits that she manages various online and social media accounts in the realm of social media influencing, and that she always posts under one of her usernames that clearly and explicitly identify her as the source of the content (which she herself creates), including "Alyssa Sheil," "@alyssasheill," and "@alyssasheil." Sheil further admits that she conducts business through Alyssa Sheil LLC.

9.      Admitted that, within the influencer industry, influencers develop a brand and identity, and take the time and effort to curate, promote, and recommend goods and services to others. Sheil has invested countless hours in curating and developing her social media to recommend goods and services she supports, based on her own research and testing, as well as those that have been brought to her by different companies, including Amazon. Denied that an

influencer's success largely depends on their ability to cultivate a *unique* brand identity—to the contrary, success as an influencer largely depends on the influencer's ability to adopt and promote already-popular fashion trends that are created by the real trend-setters such as A-list celebrities like Hailey Bieber and major fashion and beauty brands. These trends include looks like the "clean girl"[4] or "that girl"[5] aesthetics and various other fashion microtrends, including the more recently popular "mob wife"[6] aesthetic which has been a recent maximalist response in 2023–24 to minimalistic looks that predominated since around 2021–22. Though influencers do not *create* these looks or trends themselves, they may profit by successfully adopting the looks and promoting the products and services of their sponsors. In this way, influencers do not differentiate themselves from other influencers. But because different influencers have different audiences; stores and platforms recognize this by requesting multiple influencers the opportunity to advertise their products in similar ways, thereby increasing the publicity of the storefront or the goods (as opposed to emphasizing a different look from each influencer). Except as admitted herein, denied.

10.     Denied that Gifford has developed some unique brand identity, and that Gifford has become well-known for promoting goods on Amazon. When Sheil met Gifford, Gifford was not as successful on Amazon and had not even hosted an Amazon Live event before. Gifford learned the viability of that from Sheil, just like she asked numerous questions about Sheil's Instagram techniques and strategies so that she could boost her Instagram engagement. If anything, it is Sheil who has developed a successful relationship with Amazon that Gifford has sought to usurp.

11.     Sheil lacks information and belief sufficient to form a belief as to how many hours Gifford spends per day posting or editing photos and videos, and therefore denies same.

---

[4] https://aesthetics.fandom.com/wiki/Clean_Girl

[5] https://aesthetics.fandom.com/wiki/That_Girl

[6] https://aesthetics.fandom.com/wiki/Mob_Wife

12.     Sheil admits that it appears Gifford, after being blocked by Sheil, went and registered photos, videos, and accompanying text as copyrights for the sole purpose of suing Sheil. Otherwise, denied.

13.     These false accusations are denied. Sheil has never infringed on any work of Gifford's, because Sheil's work is independently developed, does not use anything belonging to Gifford, and is not based on anything posted by Gifford.

14.     Admitted that Sheil and Gifford met on or around December 7, 2022, in Austin, Texas, with the intent of supporting one another. Very quickly, however, it became clear that Gifford was not intent on supporting Sheil. First, Gifford began quizzing Sheil on Sheil's strategies and techniques, before making passive-aggressive comments about Sheil's young age. Later that same day, Gifford posted a picture of Sheil's bag (that Sheil bought on Amazon and showed to Gifford on that first day) claiming she had been eyeing it for a long time and finally purchased. (Gifford, of course, gave no credit to Sheil.) After that initial meeting, Gifford began changing her content to be more like Sheil's. Further admitted that Sheil and Gifford met again on January 23, 2023, during which time Gifford and her other influencer friend treated Sheil rudely and excluded her even though Sheil had been invited on the pretext of collaborating with them. As a result, rather than continue to interact with someone who was mistreating her, Sheil blocked Gifford on her social media platforms, so that she could not see Gifford's posts, and Gifford could not see hers. Except as admitted herein, denied.

15.     Admitted that around this time (before Sheil blocked Gifford), the content on Gifford's platforms changed significantly to look more like Sheil's, including the aesthetic and content of Sheil's posts. Specifically denied Gifford has any unique brand identity associated with

6

a "neutral beige, and cream aesthetic" which is actually known as the "clean girl" aesthetic.[7]
Admitted that the "clean girl" aesthetic was in fact very popular around that time and that hundreds
of content creators (if not thousands) were posing similar aesthetic style clothing, videos and posts,
but specifically denied that anything about the "clean girl" movement is uniquely associated with
Gifford or that Gifford had anything to do with creating it—Gifford jumped on the bandwagon of
that trend just like hundreds of other influencers. Otherwise, denied.

16.     Denied. Sheil is not infringing on any of Gifford's works, and Sheil has not
replicated any photos, videos, products, captions, or styling based on Gifford's posts. Sheil creates
her own content.

17.     Admitted that Gifford posted a video of a visit to The Tox Shop and admitted that
it was an "invite-only" event, to which Sheil *also received an invite before Gifford posted any
video*. Admitted that after Sheil was first contacted by The Tox Shop on October 3, 2023, several
weeks before Gifford's video, and that The Tox Shop provided a list of deliverables and
requirements for any video made in response to the invitation.  Admitted that Gifford registered
the video for the sole purpose of bringing a lawsuit against Sheil. Sheil lacks information and belief

---

[7] Dozens of online sources explain the "minimalist" and "neutral" hues are the signature parts of
the "clean girl" aesthetic. Of course, none of those sources refer to Gifford, because she had
nothing to do with creating the look and is not uniquely associated with it. *See e.g.*,
https://foxylocks.com/blog/achieving-the-ultimate-clean-girl-aesthetic/ (July 12, 2023) ("Neutral
hues and muted colour palettes like cream, beige, brown, khaki and grey are the top choice.");
https://medium.com/@cleangirl101/the-clean-girl-aesthetic-effortlessly-chic-and-timeless-
cb76353f98d5 (Noting that this look is associated with "figures like Hailey Bieber, Jess Hunt, and
Sophia Richie Grainge" and making no mention of Gifford.); https://worthybornedit.com/all-
about-the-clean-girl-aesthetic-how-to-get-the-look/ (Nothing that "a neutral color palette" is "the
base"   of   the   "clean   girl"   look   and   decorating   scheme.);
https://www.melodymaison.co.uk/blog/how-to-get-the-clean-girl-aesthetic-in-your-home/ (same)
https://www.lemon8-app.com/erestinadalipi/7364108693103411717?region=us             (same)
https://mx.pinterest.com/pin/721350065348001857/ (same).

sufficient to form a belief as to the substance of Gifford's video, and therefore denies the remaining allegations.

18.    Admitted that Sheil was also invited to create a video for The Tox Shop pursuant to an invitation she received from The Tox Shop *on October 3, 2023*, over two weeks prior to Gifford's video identified in Paragraph 17. Further admitted that Sheil followed through on the invitation she received. Further admitted that the still screenshots, capturing a small portion of the overall video (that was required by The Tox Shop to be at least thirty seconds long) both contain the image of The Tox Shop's doormat, which is publicly displayed and does not belong to Gifford. Otherwise, denied.

19.    Admitted that Gifford's still screenshots are a misleading sample of the posts published by Sheil, deliberately manipulated bring a lawsuit against Sheil. Sheil expressly denies that any of the screenshots and posts identified in Exhibit A are infringing in any manner. Further admitted that many of the examples in Exhibit A are intentionally misleading because they misrepresent the way in which products and brands are brought to influencers through the Amazon Associates (sometimes referred to as the Amazon Influencer Program) and it is entirely unsurprising that similar content creators would post similar products at the same time. For example, in the leadup to Prime Day  and at other times through the year, influencers in part of Amazon Associates are  sent spreadsheets of ***preselected*** products that they are encouraged to post as part of their personal shopping pages, so it is always the case that there are substantial similarities and overlaps in the products between similar content creators who are part of the program and receive the same initial lists of products. Otherwise, denied.

20.    Denied that Sheil has replicated any of Gifford's posts on TikTok, or any of Gifford's posts anywhere. Sheil creates her own content. Admitted that Gifford appears to have

posted a slideshow of photos on TikTok on or about December 12, 2023 that feature the common design aesthetic of neutral, beige colors and featuring several widely popular consumer goods including products that were highly popular at the time as part of the overall "clean girl" minimalist home décor aesthetic—which, again, Gifford did not create.[8]  Admitted that Gifford apparently registered these photos for the sole purpose of bringing a lawsuit against Sheil. Otherwise, denied.

21.     Admitted that Sheil posted a slideshow on TikTok on or about December 14, 2023—apparently, Gifford believes that Sheil spent the 48 hours after Gifford's posts acquiring home office décor, a coffee machine, coffee glasses, pots and pans, calendars, a rug, and tables. Admitted that while Amazon Prime delivery is fast (even during the holiday season) it is not *that* fast. Admitted that in fact, Sheil had already purchased many of those products long before Gifford's post on December 12, 2023. For example, admitted that she ordered the side tables on September 7, 2023, the cookware on October 13, 2023, and the Nespresso machine on November 6, 2023—over a month before Gifford ever posted. Sheil lacks information to admit or deny whether Gifford received word of those same products as part of any preselected Excel sheets published to Amazon Associates ahead of the holiday season—but it sure looks like it. Further admitted that Nespresso is a popular brand espresso machines that are especially popular among people buying an espresso machine for the first time, compared to more expensive machines, which is part of why they make popular gifts at the holidays and are a popular product for influencers with similar audiences like Sheil's to promote. Further admitted that many other

---

[8] More examples can be found with a simple Google search of the general style that are popular for this trend. *See, e.g.*, https://www.amazon.com/clean-girl-room-decor/s?k=clean+girl+room+decor; https://www.apartmenttherapy.com/clean-girl-home-decor-aesthetic-37259981; https://www.housebeautiful.com/uk/lifestyle/shopping/g40295155/clean-girl-aesthetic/; https://www.lushdecor.com/blogs/lush-decor-blog/decorating-your-room-with-the-the-clean-girl-aesthetic.

Amazon Associates posted the same and similar products that same holiday season for the same reason, and that none of them to Sheil's knowledge are claiming to have created anything unique. Otherwise, denied.

22.      Sheil lacks information and belief sufficient to form a belief as to the number of viewers of Gifford's slideshow, and therefore denies the same. Admitted that Gifford pursued a harassing campaign of reporting as many posts as she could of Sheil's content, thus threatening Sheil's livelihood by having the videos removed (on TikTok and other platforms); however, TikTok re-released the videos after further review. Sheil lacks information and belief sufficient to form a belief as to when her slideshow reached a particular number of views in relation to Gifford's unsuccessful attempt to have TikTok remove it for infringement, and therefore denies the remaining allegations.

23.      Admitted that Sheil has posted videos (and probably photos as well) wearing common women's fashion items, such as a skirt and a strapless top, in neutral colors. Denied that Gifford has any kind of unique "pose" or "style" to copy; and denied that Sheil has ever copied Gifford. Admitted that many influencers adopt similar styles and poses and camera angles to frame shots in ways that are more likely to lead to engagement or views or clicks. Further admitted that it is so common to share the different kinds of poses and shots that there are entire content sources online just dedicated to how to take shots and looks in certain ways and that in fact there are even "trends" in what poses are more popular,[9] but denied that any of them are "unique" or that Gifford created any of them. Otherwise, denied.

---

[9] Indeed, different "in" and "trending" poses are so widespread among influencers that there is even widespread coverage by people and sources who dedicate themselves to covering and helping influencers and content creators adopt similar trending poses. See, e.g., https://www.tiktok.com/@lookgoodinphotos/video/7089561834985934123 (detailing popular "influencer posing trends for Coachella 2022"). Indeed, Cristine Buzan's Instagram account has

24.     Admitted that Gifford registered a photo of herself in a beige skirt and strapless top set for the sole purpose of filing a lawsuit against Sheil. Admitted that the flower necklaces in the photographs are different, the poses are different, the locations are different, that Sheil is not wearing sunglasses, and the boots are different. Admitted that both women posted an outfit combination with a flower choker and boots in a very popular "festival" look in March 2023—one month before Coachella,[10] which is exactly when all influencers would want to post festival outfits. Further admitted that neither woman's is particularly innovative, and that Coachella festival outfits and fashion have been decried as "so cliché, it's no longer fashion" since even *2017*.[11] Finally, further admitted that Sheil purchased the skirt featured in her post on *January 18 2023*, months before Gifford's post as Sheil was planning content ahead for the upcoming concert and festival season. Admitted that Sheil's photo appears to be a similar skirt and strapless top—neither of which is distinctive to Gifford—but Sheil is unable to admit or deny whether it is the same brand. Otherwise, denied.

25.     Denied that Sheil has copied Gifford's posts on any medium. Admitted that Amazon Storefront is a customizable webpage and that Sheil was doing Amazon Storefront long before she met Gifford. Admitted that influencers can post Idea Lists on their Amazon Storefront pages, which are designed to show people ideas, share those ideas with the public, and encourage others to

---

over 800,000 (more than Sheil and Gifford combined) and describes herself as a "posing tips expert" detailing how to do better poses for shoots. https://www.instagram.com/thechristinebuzan/?hl=en. See also https://shotkit.com/instagram-poses/ (advertising a guide to the "68 best Instagram poses in 2024" to help people "pose like an influencer."); https://livinglesh.com/sitting-poses-photography-guide/ (another example of similar and free trends and coverage of poses.)

[10] Coachella 2023 occurred April 14 through April 23, 2023. https://en.wikipedia.org/wiki/Coachella_2023.

[11] https://www.usatoday.com/story/life/style/2017/04/21/coachella-and-festival-fashion-no-longer-fashion/100605124/ .

purchase the same items. Admitted that influencers can create Idea Lists for any category of items they wish to share with the public and products they wish to encourage others to use. Admitted that, like many examples above and below, both women appear to have been approached to share the same products and have both listed some of the same products, including those at times that have been ***preselected by Amazon*** to post on their own pages, just like with other participants in the Amazon Associates program. Otherwise, denied.

26.     Admitted that like the examples above, Cyber Monday is yet another event where Amazon preselects products that it expects to be popular and provides those products to participants in the Amazon Associates programs to promote on their own Amazon pages as something they "discovered" on their own. Admitted that to be successful, influencers and Associates cannot simply select one or two of those preselected products, so it is entirely unsurprising that two (or dozens) of similar influencers would have dozens of the same products. Otherwise, denied.

27.     Admitted that the product Gifford describes is a Two Piece Anrabess lounge set that was very popular in Fall 2023.[12] Admitted that a true and accurate still from an MMA fighter's Amazon review—posted September 14, 2023, over a month before Gifford's post—appears on the left below and that Gifford's allegedly unique and copyrighted post appears on the right.

---

[12]                              Amazon                        Product                              page:
https://www.amazon.com/dp/B0C6X2SJQ6?linkCode=ssc&tag=onamzsydnegif-
20&creativeASIN=B0C6X2SJQ6&asc_item-id=amzn1.shoppablemedia.v1.14eb4b38-28db-
4299-8129-b90580162959&ref_=aip_sf_photo_spv_ofs_d_asin&th=1&psc=1



Admitted that Gifford appears to use a very similar pose with the exact same product as the Amazon reviewer. Further admitted that Gifford appears to have registered her unoriginal photo to bring this meritless and harassing lawsuit against Sheil. Otherwise, denied.

28.    Admitted that Sheil and Gifford's Amazon Storefronts have contained similar products at times. Further admitted that just like above, Gifford's accusations and cherry-picked examples in Exhibit A to her complaint misrepresent how the influencer and Amazon Associates programs work and that, just like the other misleading examples in her complaint, it is entirely normal that similar content creators or Amazon Associates would have similar products listed on their pages at the same time, and that in fact many other influencers did and do. Otherwise, denied.

29.    Denied that Sheil copied or looked at Gifford's content or websites. Sheil lacks knowledge to admit or deny when Plaintiff made her alleged websites. Admitted that the bio.site platform allows users to create a page to provide links to other websites or pages such as TikTok or Instagram. Otherwise, denied.

30.     Sheil lacks information at this time to admit or deny on what date she created or modified her bio.site page. Admitted that Sheil's page uses a different colored background from Gifford's, but that both backgrounds are popular neutral hues associated with the "clean girl" aesthetic and that both also use sans serif fonts, commonly associated with minimalism (which is also distinctive of the "clean girl" look, which Gifford did not create). Further admitted that Gifford also uses her bio.site website to post to links from her Instagram and TikTok because the purpose of a bio.site page in the first place is to aggregate and direct viewers to your content on other websites (another popular example similar to bio.site is known as Linktree (linktr.ee)), and further admitted that the 👇 or, "backhand index pointing down emoji" [13] is widely used by people on their linktr.ee or bio.site or similar link aggregating pages because most users access these sites by phone, and therefore have to scroll down to actually see the links.[14] Otherwise, denied.

31.     Admitted that the Amazon Merch on Demand program[15] allows \ influencers to launch their own "brand" of clothing with minimal effort and upfront costs by slapping a logo or phrase onto already designed clothing such as shirts or hoodies, including loungewear that is extremely popular among the "clean girl" aesthetic audience. Admitted that Plaintiff Gifford appears to have created a product page cashing in on the popularity of the online-search-term "wardrobe essentials" to optimize search traffic, even though Gifford did not create that phrase. Admitted that the extent of "designing" that Gifford appears to have done is simply putting that phrase onto already created products that are in the same colors that are popular in the minimalist "clean girl" trend, which Gifford did not create. Otherwise, denied.

---

[13] https://emojipedia.org/backhand-index-pointing-down
[14] E.g. https://linktr.ee/madisonmrealty (A realtor, also using a neutral background color on her page with the caption "All My Links 👇" appearing at the top of her page.
[15] https://merch.amazon.com/landing

32.     Admitted that Sheil has her own brand of apparel through the Merch on Demand program, which also promotes loungewear that are widely popular among her audience and young women in general. Otherwise, denied.

33.     Admitted that both women's brands feature hoodies with text on the front of them. Further admitted that putting text on clothing is pretty much the point of the Merch on Demand program. Otherwise, denied.

34.     Denied that Sheil duplicated or directly replicated any of Gifford's posts. Defendants admit that some posts receive higher interaction than others, depending on many unrelated factors. Otherwise, denied.

35.     Denied that any of Sheil's behavior or posts are infringing. Sheil lacks any knowledge to admit or deny Gifford's supposed efforts to contact Sheil directly. Denied that Sheil received any cease-and-desist letter allegedly sent in November 2023. Admitted that Gifford made meritless and harassing reports through Amazon, Meta, and TikTok in an attempt to interfere with Sheil's posts and exclude her from posting content, which is how she makes her living. Admitted that Gifford's lawyer sent a meritless and harassing letter in January 2024 requiring Sheil to retain counsel and begin incurring the substantial costs and expenses to defend against this lawsuit. Otherwise, denied.

36.     Admitted that Gifford send harassing and meritless infringement reports to multiple platforms and that after initially removing those posts, each review that has been completed by the platforms has resulted in a determination that the claims were meritless and that the content could be reposted. Admitted that Gifford now files this harassing lawsuit in an escalation of her efforts to exclude Sheil from the industry. Otherwise, denied.

## CAUSES OF ACTION

### Count I – Federal Copyright Infringement

37.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

38.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

39.     Denied, Sheil has not copied Gifford's photos or videos, registered or otherwise.

40.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

41.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

42.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

43.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

44.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

45.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

46.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

## Count II – Vicarious Copyright Infringement

47.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

48.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

49.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

50.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

51.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

52.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

53.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

54.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

55.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

### Count III – Digital Millennium Copyright Act

56.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

57.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

58.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

59.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

60.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

61.     Denied. Sheil never removed anything from any of Gifford's posts because Sheil never re-posted any of Gifford's posts. Sheil's posts are her own content and, critically, her own person.

62.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

63.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

64.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

65.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

### Count IV – Trade Dress Infringement

66.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

67.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

68.     This is a conclusion of law to which no response is required. To the extent a response is required, denied. Specifically denied there is anything at all "distinct" about Gifford's "way of speaking" that differentiates her from the thousands of other influencers like her.

69.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

70.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

71.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

72.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

73.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

<u>**Count V – Misappropriation of Likeness**</u>

74.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

75.     Denied; Sheil's tattoo is of multiple flowers, each flower for a member of her family (her four siblings and parents). Denied that Sheil has ever imitated Gifford.

76.     Denied; it is difficult to fathom how someone could confuse Sheil (a Black-Latina woman) with a white woman.

77.     Denied.

78.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

<u>**Count VI – Tortious Interference**</u>

79.     Sheil incorporates her responses to the paragraphs above as if set forth herein.

80.     Sheil lacks information and belief sufficient to form a belief as to Gifford's relationships with her followers (or lack thereof), therefore denied.

81.     Sheil lacks information and belief sufficient to form a belief as to the truth of this allegation, therefore denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     This is a conclusion of law to which no response is required. To the extent a response is required, denied.

86.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

## **Count VII – Unfair Trade Practices & Unfair Competition**

87.      Sheil incorporates her responses to the paragraphs above as if set forth herein.

88.      Denied.

## **Count VIII – Unjust Enrichment**

89.      Sheil incorporates her responses to the paragraphs above as if set forth herein.

90.      This is a request for relief and a conclusion of law to which no response is required. To the extent a response is required, denied.

91.      Denied.

92.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

93.      Sheil admits to not having any contract with Gifford, but otherwise denied.

94.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

## **REQUEST FOR PRELIMINARY INJUNCTION**

95.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

96.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

97.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

98.      This is a conclusion of law to which no response is required. To the extent a response is required, denied.

99.    This is a conclusion of law to which no response is required. To the extent a response is required, denied.

100.    This is a conclusion of law to which no response is required. To the extent a response is required, denied.

101.    This is a conclusion of law to which no response is required. To the extent a response is required, denied.

102.    This is a conclusion of law to which no response is required. To the extent a response is required, denied.

**JURY DEMAND**

103.    Sheil demands a jury trial on all issues so triable.

**CONDITIONS PRECEDENT**

104.    Sheil lacks information and belief sufficient to form a belief as to the truth of any required conditions precedent, therefore denied.

**DAMAGES**

105.    Sheil unequivocally denies that Gifford has suffered any damages from her manufactured and baseless claims. On the contrary, it is Gifford's malicious actions and public disparagement that has harmed Sheil.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's claims are barred in whole or in party by the doctrine of equitable estoppel.

2.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

3.    Plaintiff's claims are barred in whole or in part because the registered works lack originality.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of independent development.

5.      Plaintiff's claims are barred in whole or in part by the doctrine of scènes à faire.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## **PRAYER FOR RELIEF**

Wherefore, Sheil requests judgment against Gifford as follows:

a.  That Gifford take nothing by way of her Complaint and that the same be dismissed with prejudice;

b.  That all injunctive relief, damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Gifford be denied;

c.  That Sheil be awarded her costs and attorneys' fees under the Digital Millenium Copyright Act, and on any other applicable ground;

d.  Any further relief as this Court deems proper and just.

Dated:  August 5, 2024                          Respectfully submitted,

                                                */s/ Jason S. McManis*
                                                Jason S. McManis
                                                State Bar No.: 24088032
                                                Shahmeer Halepota
                                                State Bar No.: 24109968
                                                Sujeeth Rajavolu
                                                State Bar No.: 24127961
                                                Thomas Frashier
                                                State Bar No.: 24126185
                                                **AHMAD, ZAVITSANOS & MENSING, PLLC**
                                                1221 McKinney Street, Suite 2500
                                                Houston, Texas 77010
                                                (713) 655-1101
                                                jmcmanis@azalaw.com
                                                shalepota@azalaw.com
                                                srajavolu@azalaw.com
                                                tfrashier@azalaw.com

                                                ***Attorneys for the Defendants***
                                                **ALYSSA SHEIL, LLC AND**
                                                **ALYSSA SHEIL**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August 2024, a true and correct copy of the above and foregoing document was served on the following counsel of record via the ECF system:

*/s/ Jason S. McManis*
Jason S. McManis