IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYDNEY NICOLE LLC AND SYDNEY NICOLE GIFFORD, | § § § § | |
| *Plaintiffs,* | § § | Case No.: 1:24-cv-00423-RP |
| v. | § § § | |
| ALYSSA SHEIL LLC AND ALYSSA SHEIL, | § § § | Jury Trial Demanded |
| *Defendants.* | | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiffs Sydney Nicole LLC and Sydney Nicole Gifford ("Plaintiffs") and Defendants Alyssa Sheil LLC and Alyssa Sheil ("Defendants") (Plaintiffs and Defendants collectively the "Parties") jointly submit this report:

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs have pled the following causes of action, the elements of which (according to Plaintiffs) are provided below:

    (a) Copyright Infringement

        • Elements: (i) Plaintiff(s) owns a valid copyright and (ii) Defendant(s) copied constituent elements of Plaintiff(s)' works that are original.

    (b) Vicarious Copyright Infringement

        • Elements: (i) Direct infringement by a third party, (ii) Defendant(s)

        has the right and ability to supervise the infringing content, and (iii) Defendant(s) has a direct financial interest in the infringing activity.

(c)     Digital Millennium Copyright Act Violation

- Elements: Without the authority of the copyright holder, Defendant(s) (i) intentionally removed Copyright Management Information ("CMI") and (x) distributed products knowing that CMI had been removed, or (y) distributed copies of works knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of any right under the Copyright Act.

(d)     Trade Dress Infringement

- Elements: (i) Plaintiff(s)' trade dress qualifies for protection and (ii) Defendant(s)' use of the trade dress creates a likelihood of confusion in the minds of potential customers.

(e)     Misappropriation

- Elements: (i) Defendant(s) appropriated Plaintiff's name or likeness for value associated with it; (ii) Plaintiff can be identified from the publication; and (iii) there was some advantage or benefit to Defendant(s).

(f)     Tortious Interference with Contract

- Elements: (i) a contract subject to interference; (ii) a willful and intentional act of interference with the contract; (iii) that proximately caused Plaintiff(s) injury; and (iv) caused actual damage or loss.

(g)     Unfair Competition

   •  Elements: Defendant(s) has engaged in conduct that is contrary to honest practice in industrial or commercial matters.

 (h) Unjust Enrichment

   •  Elements: Defendant(s) has obtained a benefit from Plaintiff(s) by fraud, duress, or the taking of an undue advantage.

Plaintiffs have also requested a preliminary injunction under 17 U.S.C. § 502. Defendants have not asserted any counterclaims, though Defendants do seek their fees from Plaintiffs. Defendants have pled the following affirmative defenses, the elements of which (according to Defendants) are provided below:

 (a) Equitable estoppel

   •  Elements: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.

 (b) Waiver

   •  Elements: (1) party held an existing right, benefit, or advantage; (2) party had actual knowledge of its existence; and (3) party actually intended to relinquish that right or intentionally acted inconsistent with that right.

 (c) Registered works lack originality

   •  Elements: While pled as an affirmative defense out of an abundance of caution, the ultimate burden of originality at trial is a Plaintiff's burden.[1]

---

[1] *See CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1513 (1st Cir. 1996).

(d) Independent development

- While pled as an affirmative defense out of an abundance of caution, this is best understood as part of Plaintiff's burden.

(e) Scènes à faire

- "Expressions that are standard, stock or common to a particular subject matter or are dictated by external factors are not protectable under copyright law". *R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 681 (S.D. Tex. 2000). As with other defenses, this is pled out of an abundance of caution, but it is Plaintiff's burden to prove their claimed works are protectable.

(f) Unclean hands

- Elements: Plaintiff's willful actions transgress equitable standards of conduct.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

**(a) Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

**(b) If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

There are no outstanding jurisdictional issues.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

Defendants have filed a Partial Motion to Dismiss, which is presently under consideration by the Court. There are presently no other legal issues that can be narrowed by agreement or motion at this time.

6. **Are there any issues about preservation of discoverable information?**

None at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The Parties have agreed via phone conference to produce electronically-stored information in a manner that preserves all reasonably available metadata.

8. **What are the subjects on which discovery may be needed?**

Discovery will generally take place on all matters relevant to Plaintiffs' claims and Defendants' defenses. Discovery may be needed on the Parties' business practices, specifically with respect to the methodology and creation of content posted on the Parties' respective social media accounts and participation in affiliate marketing programs, including but not limited to the Amazon Associates Program and related programs. Discovery may also be needed regarding the parties' communications with third parties relating to the subject matter of this dispute.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The Parties have exchanged initial disclosures prior to submission of this report.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Plaintiffs have served first requests for discovery on September 30, 2024. Per the Parties' Proposed Scheduling Order, discovery should be completed by June 25, 2025.

11. **What, if any, discovery disputes exist?**

No discovery disputes exist as of the time of this report.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties intend to comply with the Federal Rules of Civil Procedure and Local Rules in the event of inadvertent disclosure of information.

**13.    Have the parties discussed early mediation?**

The Parties intend to comply with the Local Rules and Scheduling Order regarding mediation.

**14.    Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The Parties intend to seek entry of a protective order with respect to all Parties' financial information and documents, business contracts, and any third-party confidential information that is in the possession, custody, or control of the Parties and that the Parties are under an obligation to keep confidential.

| Respectfully Submitted, | Dated: October 11, 2024 |
|---|---|
| */s/ Kirsten Kumar* | */s/ Thomas Frashier* |
| Kirsten Kumar | Thomas Frashier |
| Texas Bar I.D.: 24126104 | State Bar No.: 24126185 |
| kkumar@thekumarlawfirm.com | Jason S. McManis |
| **The Kumar Law Firm PLLC** | State Bar No.: 24088032 |
| 2110 Ranch Road 620 S, #341060 | Shahmeer Halepota |
| Lakeway, TX 78734 | State Bar No.: 24109968 |
| Phone: (512) 960-3808 | Sujeeth Rajavolu |
| **Counsel for Plaintiffs** | State Bar No.: 24127961 |
| **SYDNEY NICOLE LLC AND** | **Ahmad Zavitsanos & Mensing PLLC** |
| **SYDNEY NICOLE GIFFORD** | 1221 McKinney Street, Ste. 2500 |
| | Houston, Texas 77010 |
| | (713) 655-1101 |
| | shalepota@azalaw.com |
| | jmcmanis@azalaw.com |
| | srajavolu@azalaw.com |
| | tfrashier@azalaw.com |
| | **Counsel for Defendants** |
| | **ALYSSA SHEIL LLC AND** |
| | **ALYSSA SHEIL** |